**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 24 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TERRENCE BRESSI,<br><br>      Plaintiff-Appellant,<br><br> v.<br><br>PIMA COUNTY BOARD OF SUPERVISORS; MARK NAPIER, Former Pima County Sheriff, in his individual capacity; CHRISTOPHER NANOS, Pima County Sheriff, in his official capacity; RYAN ROHER, Pima County Deputy Sheriff, in his individual capacity; BRIAN KUNZE, Pima County Deputy Sheriff, in his individual capacity; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; UNITED STATES CUSTOMS AND BORDER PATROL; UNITED STATES OFFICE OF BORDER PATROL; ALEJANDRO N. MAYORKAS, Secretary, DHS; CHRIS MAGNUS, Commissioner, CBP; RAUL L. ORTIZ; JOHN R. MODLIN; UNITED STATES OF AMERICA,<br><br>      Defendants-Appellees. | No. 22-15123<br><br>D.C. No. 4:18-cv-00186-DCB<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

---

    * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Argued and Submitted February 7, 2023
Phoenix, Arizona

Before: HAWKINS, GRABER, and CHRISTEN, Circuit Judges.

Terrence Bressi appeals the adverse grant of summary judgment on his claims that the Border Patrol's operation of a checkpoint on State Route 86 in Southern Arizona (the "SR-86 checkpoint") violates the Fourth Amendment and that he has been falsely arrested and routinely retaliated against for protesting the checkpoint. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment, *Sandoval v. County of Sonoma*, 912 F.3d 509, 515 (9th Cir. 2018), and may affirm on any basis supported by the record, *In re Leavitt*, 171 F.3d 1219, 1223 (9th Cir. 1999). We affirm.

1. To prevail on his claim that the SR-86 checkpoint violates the Fourth Amendment, Bressi must demonstrate that the checkpoint has an impermissible primary purpose or that the checkpoint's operation is unreasonable. *See Demarest v. City of Vallejo*, 44 F.4th 1209, 1220 (9th Cir. 2022). Defendants put forth evidence that the SR-86 checkpoint is an immigration checkpoint that operates within the parameters approved by the Supreme Court in *United States v. Martinez-Fuerte*, 428 U.S. 543 (1976). Bressi's video recordings of his interactions at the checkpoint also depict agents routinely identifying the checkpoint as an "immigration checkpoint" and limiting their encounters to a few immigration-related questions and open-view inspections of the passing vehicles. Contrary to Bressi's

2

contention, the evidence on which he relies tends to show, at most, that the checkpoint has a secondary purpose of illegal-narcotics interdiction, which is insufficient to raise a triable issue as to the permissibility of the checkpoint's clear primary purpose of immigration enforcement. *Demarest*, 44 F.4th at 1220; *United States v. Soto-Camacho*, 58 F.3d 408, 411–12 (9th Cir. 1995). Nor does the evidence cited by Bressi raise a triable issue of fact as to the reasonableness of the checkpoint's operation. *United States v. Soyland*, 3 F.3d 1312, 1314 (9th Cir. 1993); *United States v. Wilson*, 7 F.3d 828, 833 (9th Cir. 1993).

2. Summary judgment was also warranted on all claims relating to Bressi's April 10, 2017, arrest. As an element of his Fourth Amendment, false imprisonment, and retaliatory arrest claims relating to that arrest, Bressi must show the absence of probable cause. *See Lacey v. Maricopa County*, 693 F.3d 896, 918 (9th Cir. 2012) (en banc) (Fourth Amendment claim under 42 U.S.C. § 1983); *Cullison v. City of Peoria*, 584 P.2d 1156, 1160 (Ariz. 1978) (false imprisonment claim); *Nieves v. Bartlett*, 139 S. Ct. 1715, 1727 (2019) (First Amendment retaliatory arrest claim).

The undisputed evidence demonstrates that there was probable cause to arrest Bressi. *See Act Up!/Portland v. Bagley*, 988 F.2d 868, 873 (9th Cir. 1993). When Pima County Sheriff's Department Deputy Roher arrived at the scene, Border Patrol Agent Frye informed Deputy Roher that Bressi had not answered Agent Frye's

3

immigration-related questions and had refused his instruction to move to the secondary inspection site. Deputy Roher instructed Bressi to move his vehicle out of the primary inspection lane and informed Bressi that he was obstructing traffic. Bressi did not comply. Deputy Roher instructed Bressi twice more to move his vehicle to the secondary inspection area, and Bressi did not comply. An officer in Deputy Roher's position could reasonably believe that Bressi's refusal to move his vehicle out of the primary lane constituted a reckless obstruction of traffic, in violation of Arizona Revised Statutes section 13-2906(A)(1), or a willful failure to comply with a lawful order of a police officer invested with the authority to direct traffic, in violation of Arizona Revised Statutes section 28-622. *See Vanegas v. City of Pasadena*, 46 F.4th 1159, 1164 (9th Cir. 2022) ("Probable cause . . . 'is not a high bar.'" (quoting *Kaley v. United States*, 571 U.S. 320, 338 (2014))); *see also District of Columbia v. Wesby*, 138 S. Ct. 577, 584 n.2 (2018) (explaining that "an arrest is lawful if the officer had probable cause to arrest for any offense, not just the offense cited at the time of arrest or booking").

Although it is possible to prevail on a First Amendment retaliatory arrest claim notwithstanding the existence of probable cause, Bressi failed to present the necessary "objective evidence that he was arrested when other similarly situated individuals not engaged in the same sort of protected speech had not been." *Nieves*, 139 S. Ct. at 1727. The sole incident on which Bressi relies involved a motorist that

4

complied with instructions to move his vehicle out of the primary inspection lane and was in the secondary inspection area at the time of the Pima County deputy's arrival. *Cf. Ballentine v. Tucker*, 28 F.4th 54, 62 (9th Cir. 2022) (question of fact precluded summary judgment where plaintiffs presented evidence that other individuals chalking sidewalk at the courthouse were not arrested while plaintiffs, who were chalking anti-police messages, were arrested).

3. We need not decide the precise standard governing Bressi's remaining First Amendment retaliation claim because summary judgment was warranted regardless of the applicable standard. *See Bello-Reyes v. Gaynor*, 985 F.3d 696, 700 (9th Cir. 2021). It is undisputed that Bressi has crossed the checkpoint more than 500 times over approximately 15 years, and he identified 18 incidents in which he contends agents retaliated against him. Of those incidents, a reasonable jury could infer that Bressi was detained after agents had identified him and completed an open-view inspection of his vehicle on, at most, two or three occasions.

Even assuming the agents acted in retaliation for Bressi's speech on those two or three occasions, which occurred five to ten years prior to Bressi's complaint in the underlying litigation, those incidents are insufficient to support Bressi's claim for equitable relief. *See Hodgers-Durgin v. de la Vina*, 199 F.3d 1037, 1044 (9th Cir. 1999) (en banc) (affirming adverse grant of summary judgment on claim seeking declaratory and injunctive relief against Border Patrol by plaintiffs who saw

5

Border Patrol nearly every day over ten-year period and were stopped only once each).

4. Because summary judgment was warranted on Bressi's predicate claims, summary judgment was also warranted on his claims under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). *See, e.g.*, *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (deprivation of constitutional right necessary to establish liability for governmental entities under *Monell*).

**AFFIRMED.**